GONZÁLEZ, RESPONDENT.    COLLAZO, APPELLANT.

APPEAL from the District Court of Aguadilla.

No. 894.—Decided May 20, 1913.

APPEAL—POSSESSORY TITLE PROCEEDINGS—CONTEST—JURISDICTION.—In accordance with subdivision 2 of section 295 of the Code of Civil Procedure as amended by Act of March 9, 1905, an appeal taken from a judgment of a district court in a case of contest of possessory title proceedings brought and decided in a municipal court and affirmed on appeal in a district court should be dismissed when the value of the property is less than $300 or when the appeal was not taken within the period of 15 days.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Messrs. Reichard* and *Reichard* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The respondent in his brief asks for the dismissal of this appeal on the ground of lack of jurisdiction by this court.

The case originated in the Municipal Court of Lares and refers to a contest of possessory title proceedings involving four *cuerdas* of land valued at less than $300. The municipal court having rendered judgment dismissing the contest, an appeal was taken to the District Court of Aguadilla and the judgment having been affirmed, an appeal was taken to this court.

Section 295 of the Code of Civil Procedure, as amended in 1905 (Acts of 1904, p. 273, and Acts of 1905, p 137), so far as applicable, reads as follows:

"Section 295.—An appeal may be taken to the Supreme Court from a district court:

\*      \*      \*      \*      \*      \*      \*

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interests thereon exceed three hundred dollars ($300).

Therefore, as in the present case the value of the property involved appears fixed at less than $300, as we have said, it is necessary to conclude that this court has no jurisdiction and that, therefore, the appeal should be dismissed.

Furthermore, even supposing that this court has jurisdiction over the subject-matter in litigation, the record shows that the appeal should be dismissed because it was filed after the expiration of the time fixed by law therefor which, in cases of this kind, is 15 days. Judgment was rendered on July 6, 1912, and the appeal was not filed until July 26, 1912.

See United States Supreme Court Decision of April 28, 1913, *Ex parte: In the matter of Dante.* In *mandamus.*

The appeal should be dismissed.

*Dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.